IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT ROBERTS, | : |
|     Plaintiff, | : |
| v. | : Civ. Action No. 08-061-JJF |
| WARDEN OR ACTING WARDEN, | : |
|     Defendant. | : |

### O R D E R

Plaintiff Robert Roberts,[1] an inmate at the Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. He proceeds pro se and filed this action without prepayment of the required filing fee. Accordingly, the Court presumes that he wishes to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when

---

[1] Plaintiff, is also known as Robert D. Roberts, Robert Darnell Roberts, and Abdullah Rahiym Ibn Talal, and is a well-known past frequent filer in the United States District Court for the District of Maryland. Roberts v. Cobb, Civ. Action No. AW-06-1695 at D.I. 3 (D. Md. 2006).

applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Plaintiff states in his Complaint that he has filed no lawsuits in Delaware. However, a review of the United States Party/Case Index for the Federal Courts reveals that to date, and while incarcerated in Maryland, Plaintiff filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Roberts v. Cobb, Civ. Action No. AW-06-1695 at D.I. 3 (D. Md. 2006). See Roberts v. Graham, Civ. Action No. S-93-2903 (D. Md.) (dismissed Oct. 19, 1993); Roberts v. Dykes, Civ. Action No. N-94-1218 (D. Md.) (dismissed May 18, 1994); Roberts v. Beshears, Civ. Action No. AW-97-1529 (D. Md.) (dismissed May 14, 1997); Talal v. Hindenlang, Civ. Action No. AW-98 4171 (D. Md.) (dismissed Jan. 15, 1999); and Talal v. Sondervan, Civ. Action No. AW-99-2087 (D. Md.) (dismissed Aug. 2, 1999). Therefore, Plaintiff may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his Complaint. 28

U.S.C. § 1915(g); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 311 (3d Cir. 2001). After reviewing his Complaint, the Court finds that it does not meet that standard. Based upon the foregoing, Plaintiff is not excused from the restrictions under § 1915(g), and he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

THEREFORE, at Wilmington this _14_ day of February, 2008, IT IS HEREBY ORDERED that Plaintiff is given thirty (30) days from the date of this Order to pay the $350.00 filing fee. If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

                                                              /s/ Joseph J. Farnan, Jr.
UNITED STATES DISTRICT JUDGE